PER CURIAM.
 

 Appellant, H.B. [“Mother”], whose four minor children
 
 [1]
 
 were found to be dependent as to her, challenges that determina
 
 *310
 
 tion, asserting that the trial court failed to comply with the statutory requirement to set forth factual findings supporting a determination of dependency. She also contends that the evidence presented at the adjudicatory hearing was legally insufficient to sustain the trial court’s determination of dependency.
 

 The Department of Children and Family Services [“DCF”] commenced this proceeding by sheltering the four children in July 2010, and later filing a petition for dependency, alleging that the children were abused, abandoned and neglected by Mother. After conducting a hearing, the trial court entered an order adjudicating the children dependent. In the order of dependency, under the heading, “Findings of Fact”, the trial court wrote: “The factual basis for the adjudication of dependency is as follows: as outlined on the petition for dependency and incorporated herein as if stated.” DCF properly concedes that this format is inadequate to meet the requirements of section 39.507(6), Florida Statutes (2010). We agree that the required findings of fact are inadequate and reverse on that basis.
 
 [2]
 

 REVERSED and REMANDED.
 

 ORFINGER, C.J., GRIFFIN and PALMER, JJ., concur.
 

 [1]
 

 . The children are N.C., A.B, E.S, and S.S. The fathers of these children are not parties to this appeal and consented to the dependency below.
 

 [2]
 

 . There was conflicting evidence presented on the dependency issue. We conclude that adequate evidence was presented to support an adjudication of dependency, if such evidence is accepted by the trial court and supported in an order containing the requisite findings.